# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

Carly Burton Gunderson,
Individually and as Administratrix
of the Estate of Luke Burton,
deceased,

      Plaintiff,

v.

Brian Center Nursing Care/Austell,
Inc., and SSC Austell Operating
Company, LLC, d/b/a Brian Center
Nursing Care, Austell n/k/a
Anderson Mill Health &
Rehabilitation Center and John
or Jane Does (1-3),

      Defendants.

CIVIL ACTION FILE NO. _____

## NOTICE OF REMOVAL

COMES NOW SSC Austell Operating Company, LLC, (this "Defendant"),

Defendant in the above-styled action, and petitions for removal of the action herein

from the State Court of DeKalb County, State of Georgia, to the United States

District Court for the Northern District of Georgia, Atlanta Division and

respectfully shows the Court the following:

1.

On March 13, 2012 Plaintiff filed a renewed civil action in the State Court of DeKalb County, State of Georgia, styled *Carly Burton Gunderson et. al. v. Brian Center Nursing Care/Austell, Inc. et. al.*, Civil Action No. 12A-41449-3. (Attached as Exhibit "A" are copies of all process, pleadings, and orders received by counsel for this Defendant in such action.  This Defendant has also filed a *Notice of Filing Notice of Removal* in the DeKalb County State Court.  A copy is included in Exhibit "B.")

2.

This Defendant was served with Plaintiff's Renewed Complaint on March 23, 2012.  Thus, this *Notice of Removal* is timely filed within the thirty (30) day period as required by 28 U.S.C. § 1446(b).

3.

DeKalb County, Georgia is within the Atlanta Division of United States District Court for the Northern District of Georgia.  *See* Local Rules 3.1 and App. (A)(I)(1).

4.

This action is one over which this Court has diversity jurisdiction pursuant 28 U.S.C. § 1332.

5.

Plaintiff Carly Burton Gunderson, Individually and as Administratrix of the Estate of Luke Burton, is a domiciliary and citizen of the State of Georgia.  (See Exhibit A, Complaint ¶ 2, p. 2).

6.

This Defendant is a Limited Liability Corporation and its citizenship is determined by the residences of all its general and limited members.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185 (1990); *United Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145 (1965) (diversity jurisdiction in suit by or against unincorporated entity depends on citizenship of all members).  This Defendant has only one member, SSC Submaster Holdings, LLC, which is a Delaware Limited Liability Company.  As such, for jurisdictional purposes this Defendant is a foreign entity having citizenship in Delaware.

7.

Defendants John or Jane Does should be disregarded for removal purposes because they are fictitiously named.  *See* 28. U.S.C. § 1441(b)(1) ("[T]he citizenship of defendants sued under fictitious names shall be disregarded.")

8.

The only remaining defendant in this action is Brian Center Nursing

Care/Austell, Inc. ("Brian Center").   Brian Center has not yet been served, however, Brian Center consents to this removal.  However, this Defendant asserts that Brian Center has been fraudulently joined, and should be dismissed.

9.

Brian Center is a domestic Georgia corporation with its principal place of business located at 1 Ravinia Drive, Suite 1400, Atlanta, GA 30346.  However, it has been brought to Plaintiff's attention on several occasions that at all times relevant to the incident giving rise to Plaintiff's lawsuit, Brian Center neither owned, licensed, managed, nor operated the facility where Luke Burton resided. (Attached as Exhibit "C" is Brian Center's Response Brief to Plaintiff's Motion to Amend the Complaint in Plaintiff's original suit against these Defendants styled *Carly Burton, et. al. v. Brian Center Nursing Care/Austell, Inc. et. al.*, Civil Action No. 1:11-CV-00076-HLM[1] and the Assignment and Assumption Agreement which give Plaintiff notice of this fact.)  Thus, Brian Center is an improper party to this action.

10.

Brian Center has been fraudulently joined for the sole purpose of depriving this Court of jurisdiction.  Accordingly, the citizenship of Brian Center should be

---

[1] Plaintiff originally filed her civil action in this Court based on diversity of citizenship.  At the time, Plaintiff was a Canadian citizen.  However, Plaintiff has now moved to the state of Georgia and filed her Renewed Complaint for Damages in DeKalb County State Court.

disregarded for purposes of determining jurisdiction under 28 U.S.C. § 1441

because Brian Center has "no real connection with the controversy." *Wilson v.*

*Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921).

11.

Fraudulent joinder is a judicially created doctrine that provides an exception

to the requirement of complete diversity.  There are two situations where

fraudulent joinder can be found: (1) when there is no possibility that the plaintiff

can prove a cause of action against the resident (non-diverse) defendant; or (2)

when there is outright fraud in the plaintiff's pleading of jurisdictional facts.

*Coker v. Amoco Oil Co.*, 709 F.2d 1433, 1440 (11th Cir.1983), superseded by

statute on other grounds as stated in *Georgetown Manor, Inc. v. Ethan Allen, Inc.*,

991 F.2d 1533 (11th Cir. 1993).

It is impossible for Plaintiff to prove a cause of action against Brian Center

because Brian Center did not operate or own the facility where Luke Burton

resided at the time of his residence.  (See Exhibit C).  If this case were to proceed

to trial today, there is no possibility that Plaintiff could prove a cause of action

against Brian Center under Georgia law.

Additionally, the second instance of fraudulent joinder has also been met because Plaintiff was given more than sufficient notice in her original lawsuit that Brian Center was an improper party.  Despite this repeated notice, when Plaintiff renewed her Complaint in DeKalb State Court, she again named Brian Center as a defendant.

12.

28 U.S.C. § 1332(a) is satisfied because the amount in controversy has a value, exclusive of interest and costs, that exceeds the sum or value of Seventy Five Thousand Dollars ($75,000.00).

13.

Plaintiff seeks to recover for the full value of Luke Burton's life, pain and suffering, medical expenses, breach of contract, joint enterprise damages, general damages, and punitive damages.  While Plaintiff now alleges that the amount in controversy is "in excess of $10,000.00," Plaintiff previously alleged in the original action that the amount in controversy exceeds $75,000.00 and demanded judgment not less than $2,000,000. (See Exhibit A, Complaint for Damages ¶¶ 5, 24; First Amended Complaint for Damages, ¶¶ 8, 35).

14.

In further support of its position regarding the establishment of diversity

jurisdiction, this Defendant relies upon the Affidavit of Barbara A. Marschalk, attached hereto as Exhibit D.

15.

To determine whether the jurisdictional threshold of $75,000 is met, a court must assume that plaintiff will "prevail" on all claims, and then assess whether "an award below the jurisdictional amount would be outside the range of permissible awards because the case is clearly worth more than $75,000.00." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1096 (11th Cir. 1994). Assuming Plaintiff will prevail on all of her claims, the matter in controversy has a value, exclusive of interest and costs, in excess of $75,000.

16.

Plaintiff's civil action is also one in which this Court has original jurisdiction under 28 U.S.C. § 1331. It may, therefore, be removed to this Court by this Defendant pursuant to the provisions of 28 U.S.C. §§ 1441(a) and (b) in that it arises under the laws of the United States.

17.

In Count I of Plaintiff's Renewed Complaint, she has alleged that this Defendant was negligent *per se* for violating the requirements the U.S. Department of Health & Services' regulations found in 42 U.S.C.A. § 1395i-3 relating to the

care, treatment and services provided to residents of skilled nursing facilities

participating in the Medicare and Medicaid programs.  (See Exhibit A, Complaint

¶38, p. 10).  Specifically, Plaintiff alleges this Defendant violated twenty different

regulations found in 42 CFR § 483.1 *et. seq.* of the federal requirements of Long

Term Care Facilities.  (See Exhibit A, Complaint ¶¶ 38(a)-(s), pp. 11-12).

18.

A single claim over which federal question jurisdiction exists is sufficient to

support removal. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 125

S. Ct. 2611, 2623 (2005); *see also City of Chicago v. Int'l Coll. Of Surgeons*, 522

U.S. 156, 164-66 (1997); *Broder v. Cablevision Sys. Corp.*, 418 F.3d 187, 194 (2d

Cir. 2005) (where "at least one federal aspect of [plaintiff's] complaint is a

logically separate claim," federal question jurisdiction lies).

19.

This Court has supplemental jurisdiction over the remaining state claims

asserted in Plaintiff's Complaint pursuant to 28 U.S.C. § 1367.  Plaintiff's state and

federal claims "derive from a common nucleus of operative fact."  *United Mine*

*Workers of Am. v. Gibbs*, 383 U.S. 715, 725, 86 S. Ct. 1130, 1138, 16 L. Ed. 2d

218 (1966).  Each count set forth in Plaintiff's Complaint is related to Luke

Burton's treatment at this Defendant's facility in January of 2009.  Plaintiff's

"claims are such that [s]he would ordinarily be expected to try them all in one judicial proceeding"; thus, "there is power in federal courts to hear the whole." *Id.*

20.

WHEREFORE, Defendant prays that this petition be filed, that said action be removed to and proceed in this Court, and that there be no further proceedings in said case in the State Court of DeKalb County.

The undersigned has read this Notice of Removal, and to the best of their knowledge, information and belief, formed after reasonable inquiry, determined it is well-grounded in fact, is warranted by existing law, and is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

Respectfully submitted this 23rd day of April, 2012.

**DREW ECKL & FARNHAM, LLP**

*/s/ Barbara A. Marschalk*
Barbara A. Marschalk
State Bar of Georgia No. 324498
Melanie C. Eyre
State Bar of Georgia No. 252730

880 West Peachtree Street (30309)
Post Office Box 7600
Atlanta, Georgia 30357-0600
Telephone:  (404) 885-1400
Fax:  (404) 876-0992
Email:  bmarschalk@deflaw.com
***Attorney for Defendant SSC Austell***
***Operating Company, LLC***

3276971/1
5798-78585

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

Carly Burton Gunderson,
Individually and as Administratrix
of the Estate of Luke Burton,
deceased,

       Plaintiff,

v.

Brian Center Nursing Care/Austell,
Inc., and SSC Austell Operating
Company, LLC, d/b/a Brian Center
Nursing Care, Austell n/k/a
Anderson Mill Health &
Rehabilitation Center and John
or Jane Does (1-3),

       Defendants.

CIVIL ACTION FILE NO. _____

## CERTIFICATE OF FONT COMPLIANCE

Counsel for Defendant SSC Austell Operating Company, LLC hereby

certifies that the forgoing has been prepared with one of the font and point

selections approved by the Court in LR 5.1(B): Times New Roman (14 point).

This 23rd day of April, 2012.

DREW ECKL & FARNHAM, LLP
*/s/ Barbara A. Marschalk*_____
Barbara A. Marschalk
***Georgia Bar No. 234498***

880 West Peachtree Street (30309)
Post Office Box 7600
Atlanta, Georgia 30357
Telephone:  (404) 885-1400
Fax:  (404) 876-0992
Email:  bmarschalk@deflaw.com
***Attorney for Defendant***
3276971/1
5798-78585

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| Carly Burton Gunderson, Individually and as Administratrix of the Estate of Luke Burton, deceased,<br><br>         Plaintiff,<br><br>   v.<br><br>Brian Center Nursing Care/Austell, Inc., and SSC Austell Operating Company, LLC, d/b/a Brian Center Nursing Care, Austell n/k/a Anderson Mill Health & Rehabilitation Center and John or Jane Does (1-3),<br><br>         Defendants. | CIVIL ACTION FILE NO. _____ |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am counsel for SSC Austell Operating

Company, LLC and that I have this day served the foregoing *Notice of Removal*

upon all parties to this matter by U.S. Mail and by filing with the Court's CM/ECF

system, which will automatically e-mail notification of same to the following

counsel of record:

Michael A. Prieto, Esq.
Robert W. Lamb, Esq.
Perrotta, Cahn & Prieto, PC
5 South Public Square
Cartersville, Georgia 30120
map@perrottalaw.com

Terry D. Jackson, Esq.
600 Edgewood Avenue
Atlanta, Georgia 30312
terry@terryjacksonlaw.com

This 23rd day of April, 2012.

DREW ECKL & FARNHAM, LLP

/s/ Barbara A. Marschalk
Barbara A. Marschalk
**Georgia Bar No. 234498**

880 West Peachtree Street (30309)
Post Office Box 7600
Atlanta, Georgia 30357
Telephone:  (404) 885-1400
Fax:  (404) 876-0992
Email:  bmarschalk@deflaw.com
**Attorney for Defendant**
3276971/1
5798-78585