# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
03/23/2012
CT Log Number 520199459

**TO:**   Melita Hobby, Administrative Assistant
SavaSeniorCare, LLC
One Ravinia Drive, Suite 1500
Atlanta, GA 30346

**RE:**   **Process Served in Georgia**

**FOR:**   SSC Austell Operating Company LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:**   Carly Burton Gunderson, Individually and as Administratix of the Estate of Luke Burton, deceased, Pltf. vs. Brian Center Nursing Care/Austell, Inc., et al. including SSC Austell Operating Company, LLC, etc., Dfts.
*Name discrepancy noted.*

**DOCUMENT(S) SERVED:**   Summons, Renewed Complaint, Affidavit, Exhibit, First Request, First Interrogatories

**COURT/AGENCY:**   DeKalb County State Court, GA
Case # 12A414493

**NATURE OF ACTION:**   Medical Injury - Improper Care and Treatment - Wrongful Death - January 10, 2009 - Brian Center Nursing Care at 2130 Anderson Mill Road, Austell, Cobb County, Georgia - Failure to follow standard nursing practices and protocols for provision of the care, treatment and services resulted in his death

**ON WHOM PROCESS WAS SERVED:**   Corporation Process Company, Duluth, GA

**DATE AND HOUR OF SERVICE:**   By Process Server on 03/23/2012 at 14:30

**JURISDICTION SERVED :**   Georgia

**APPEARANCE OR ANSWER DUE:**   Within 30 days after service upon you, exclusive of the day of service

**ATTORNEY(S) / SENDER(S):**   Michael A. Prieto, Esq.
Perrotta, Cahn & Prieto, P.C.
5 South Public Square
Cartersville, GA 30120
770-382-8900

**ACTION ITEMS:**   CT has retained the current log, Retain Date: 03/23/2012, Expected Purge Date: 03/28/2012
Image SOP
Email Notification, Melita Hobby mlhobby@savasc.com
Email Notification, Wynn Sims WSims@SavaSC.com

**SIGNED:**   Corporation Process Company
**PER:**   Amy McLaren
**ADDRESS:**   2180 Satellite Blvd
Duluth, GA 30097
**TELEPHONE:**   800-592-9023

Page 1 of  1 / RY

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

No. 12A414493

Date Summons Issued and Filed

2/13/12

~~[signature]~~

Deputy Clerk

Deposit Paid $ 219.50

#8333

**STATE COURT OF DEKALB COUNTY**
**GEORGIA, DEKALB COUNTY**

**SUMMONS**

[ ] ANSWER

[ ] JURY

*Carly Burton Gunderson*
*And & As Admin of the Estate of*
*Luke Burton*
(Plaintiff's name and address)

vs.

*SSC Austell operating Co LLC*
*d/b/a The Brian Center Nursing*
*Care*
(Defendant's name and address)

**TO THE ABOVE-NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of State Court, Suite 230, 2ⁿᵈ Floor, Administrative Tower, DeKalb County Courthouse, 556 N. McDonough Street, Decatur, Georgia 30030 and serve upon the plaintiff's attorney, to wit:

*Mike Prieto*
(Name)

*5 South Public Square*
(Address)

*Cartersville    Ga   30120*
(Phone Number)                         (Georgia Bar No.)

*770-382-8900*                    *587236*
(Phone Number)                         (Georgia Bar No.)

an **ANSWER** to the complaint which is herewith served upon you, within thirty (30) days after service upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. (Plus cost of this action.)

Defendant's Attorney                              Third Party Attorney

Address                                           Address

Phone No.            Georgia Bar No.              Phone No.            Georgia Bar No.

**TYPE OF SUIT**

☐ Account        ☐ Personal Injury        Principal      $ _____
☐ Contract       ☐ Medical Malpractice
☐ Note           ☐ Legal Malpractice      Interest       $ _____
☐ Trover         ☐ Product Liability
                 ☐ Other                  Atty Fees      $ _____

☐ Transferred From _____

**(Attach BLUE to Original and WHITE to Service Copy of complaint)**

summons1-2008rev

# IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Carly Burton Gunderson,<br>Individually and as Administratrix<br>of the Estate of Luke Burton,<br>deceased,<br><br>        Plaintiff,<br><br>v.<br><br>Brian Center Nursing Care/Austell,<br>Inc., and SSC Austell Operating<br>Company, LLC, d/b/a Brian Center<br>Nursing Care, Austell n/k/a<br>Anderson Mill Health &<br>Rehabilitation Center and John<br>or Jane Does (1-3),<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE #<br>)<br>)<br>) 12A41449-3<br>)<br>)<br>) FILED IN THIS OFFICE<br>) THIS 3 DAY OF May 2012<br>)<br>)  Clerk, State Court, DeKalb County<br>)<br>) |

## RENEWED COMPLAINT FOR DAMAGES

Now comes Carly Burton Gunderson, Individually and as Administratrix of the Estate of Luke Burton, deceased, and presents her Renewed Complaint for Damages against Defendants as follows:

This Complaint is filed as a renewal action pursuant to OCGA §9-2-61, hereby renewing *Carly Burton Gunderson, Individually and as Administratrix of the Estate of Luke Burton, deceased v. Brian Center Nursing Care/Austell, Inc. et al.*, Civil Action File Number 1:11-CV-00076-HLM in the United States District Court for the Northern District of Georgia, Atlanta Division.   All pleadings, disclosures, reports, affidavits, expert documents, discovery responses, evidence and other documents of record in the previous action are incorporated herein by reference.

PERROTTA, CAHN &<br>PRIETO, P.C.

*Main Office*<br>Historic Bradley Building<br>5 South Public Square<br>Cartersville, Georgia 30120<br>770-382-8900<br>Toll Free (866) 382-8900<br>Fax (770) 386-1170

*Calhoun Office*<br>102 Court Street<br>Calhoun, Georgia 30701<br>(706) 629-9699<br>Fax (706) 629-0869

*Dallas Office*<br>206 East Memorial Drive<br>Dallas, Georgia 30132<br>(770) 445-1723<br>Fax (770) 445-1942

*Atlanta Office*<br>Buckhead Centre<br>2964 Peachtree Road, NW<br>Suite 450<br>Atlanta, Georgia 30305<br>(770) 382-8900<br>Fax (770) 386-1170

*Dalton Office*<br>519 Selvidge Street<br>Dalton, Georgia 30721<br>(706) 275-6022<br>Fax (706) 275-6076

1.

Plaintiff Carly Gunderson shows that the Defendants' violations of federal and state law and regulations in the operation of a long-term care facility, negligence per se, professional negligence, simple negligence and breach of contract in the provision of nursing home care, treatment and services lead directly and proximately to severe and life threatening injuries, illness, pain, suffering, and the death of Luke Burton. The Plaintiff in her individual capacity seeks damages for her husband's wrongful death. Plaintiff in her representative capacity as Administratrix of Mr. Burton's estate seeks damages against the Defendants to recover upon Mr. Burton's individual claims arising under tort and contract.

## JURISDICTION AND VENUE

2.

Plaintiff Carly Gunderson is currently a resident of the State of Georgia. She hereby submits herself to the jurisdiction of this Court.

3.

Defendants Brian Center Nursing Care/Austell, Inc. and SSC Austell Operating Company, LLC are business corporations formed under the laws of the State of Georgia with their principle places of business in Dekalb and Cobb Counties. These Defendants may be served with process upon their registered agent for service of process, Corporation Process Company, 2180 Satellite Blvd., Duluth, Gwinnett County, Georgia 30097.

4.

Upon proper service of process, and based on the foregoing, jurisdiction is proper in this Court. Venue is proper in this Court under OCGA § 9-10-31.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 50120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1223
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6072
Fax (706) 275-6076

<u>PARTIES</u>

5.

Plaintiff Carly Burton Gunderson is the wife of Luke Burton, deceased. Mrs. Gunderson seeks to recover for the wrongful death of Mr. Burton in her individual capacity. Mrs. Gunderson also pursues Mr. Burton's individual claims against Defendant arising in tort and contract in her capacity as the Administratrix of Luke Burton's Estate.

6.

At all times relevant to this action the Defendants have owned and/or operated a long-term care facility formerly known as the Brian Center Nursing Care/Austell and now known as Anderson Mill Health & Rehabilitation Center at 2130 Anderson Mill Road, Austell, Cobb County, Georgia. (Hereinafter, collectively: "The Brian Center."). John and Jane Does are individuals who provided negligent care, treatment and services to Luke Burton at the Brian Center. The Defendants were charged with responsibility for the provision of residence, care, treatment and convalescent/rehabilitation services to Luke Burton. The Defendants negligently failed at their responsibilities as described below.

<u>FACTS</u>

7.

Luke Burton was involved in a serious motor vehicle collision on May 15, 2008. In that collision, Mr. Burton sustained significant injuries including an anoxic brain injury, multiple rib fractures, a femoral fracture, a fractured pelvis and a laceration to his spleen. As a result of his injuries, Mr. Burton was transported to Wellstar Kennestone Hospital where he remained until January 9, 2009.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

8.

The physician at Kennestone prescribed placement of a transdermal Fentanyl patch (Duragesic 75 mcg) on Mr. Burton to be replaced every 72 hours for control of pain. Pursuant to that prescription, hospital staff placed a Fentanyl patch on Mr. Burton on or about January 7, 2009.

9.

On January 9, 2009, Mr. Burton was transported to the Brian Center for rehabilitation and for long-term care, treatment and services to address his medical conditions. The Brian Center had a duty to provide the care, treatment and services that Mr. Burton needed in a skillful and non-negligent manner.

10.

However, the Brian Center staff failed in numerous ways to provide the care, treatment and services that Mr. Burton needed in a skillful and non-negligent manner. As a result, Mr. Burton suffered severe injury and illness, tremendous pain and suffering, and death.

11.

Specifically, the Brian Center staff failed to follow the requirements of federal and state law and regulations for the provision of proper care, treatment and services to a resident of a long-term care facility. The Brian Center staff failed to follow standard nursing practices and protocols for provision of the care, treatment and services that Mr. Burton needed. The staff failed to provide timely and appropriate medical care to Mr. Burton when he needed it, and they failed to provide immediate emergency medical care and treatment to Mr. Burton when he needed it, and failed to notify Mr. Burton's treating

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
119 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

physician of his conditions needing immediate medical care and treatment. Brian Center staff failed to follow physician's orders. The Brian Center failed to properly monitor Mr. Burton's medical condition when it was necessary that they do so. The Brian Center failures are described in more detail below.

12.

When Mr. Burton was transferred to the Brian Center, Defendants' staff was provided with medical records, a discharge summary and physician's orders from the hospital. The records indicated that Mr. Burton had been prescribed a Fentanyl patch (75 mcg Duragesic) to be replaced every 72 hours for control of pain. The nursing facility staff noted the presence of the Fentanyl patch on Mr. Burton after he arrived at the facility.

13.

According to physician's orders, Mr. Burton's Fentanyl patch was scheduled to be replaced on the morning of January 10, 2009.

14.

On January 10, 2009, a member of the Defendants' nursing staff placed a second Fentanyl patch (75 mcg Duragesic) on Mr. Burton's body. Rather than replacing the previous Fentanyl patch placed on January 7, Defendants' staff placed the second patch on Mr. Burton without removing the initial patch. The staff did not properly chart the administration of Fentanyl.

15.

After the staff placed the second Fentanyl patch, Mr. Burton began to receive significantly more Fentanyl than had been prescribed by his treating physician. Fentanyl is an extremely powerful analgesic opiate narcotic used to control moderate to severe pain.

Page 5 of 31

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

An overdose of Fentanyl causes, among other effects, severe depression of the respiratory system and death.

16.

Physician's orders upon Mr. Burton's admission to the Brian Center also indicated that Mr. Burton was to be provided antibiotics for the control of infection. The Brian Center staff failed to provide Mr. Burton the antibiotics that had been prescribed.

17.

As a result, during the period from January 10 through January 13, Mr. Burton's temperature spiked to 104 degrees. He was sweating. During that time, the Defendants' staff placed blankets around Mr. Burton. The staff failed to properly chart the course of this illness.

18.

Mr. Burton's fever and wrapping him in blankets had the effect of heating and compressing the two Fentanyl patches which accelerated the release and absorption of Fentanyl into Mr. Burton's body from the two patches.

19.

Upon information and belief, Defendants' staff did not contact a physician to report Mr. Burton's extreme fever, and to alert the doctor of his overall condition including his current medications. Therefore, the doctor was not made aware of the conditions that would cause increased release and absorption of the Fentanyl into Mr. Burton's body.

20.

On the evening of January 12, 2009, Mr. Burton's wife, Plaintiff Carly Burton, noted the presence of one of the Fentanyl patches on Mr. Burton's upper arm, and a

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

member of the Defendants' staff removed the patch at Mrs. Burton's request. However, the staff did not remove the second patch at that time. Therefore, Fentanyl continued to be introduced into Mr. Burton's body.

21.

Over the next seven hours, as a result of an acute overdose of Fentanyl, Mr. Burton's condition declined rapidly. His respiratory system slowed down and he stopped breathing.

22.

Despite the fact that Mr. Burton fell into obvious respiratory distress, Defendants' staff failed to provide the immediate emergency medical attention that he needed. As a result, it was at least one hour before EMTs arrived to transport Mr. Burton to the emergency room.

23.

The EMTs promptly removed the second Fentanyl patch.

24.

By the time that Mr. Burton arrived at the hospital, it was too late to save his life. He died on January 13, 2009 as a direct result of Fentanyl toxicity.

25.

Based upon the foregoing, Defendants' staff was negligent in failing to follow physician's orders when they placed a Fentanyl patch on Mr. Burton without removing the existing Fentanyl patch, thus causing Fentanyl toxicity, and failing to properly chart the administration of Fentanyl.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
119 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

26.

Defendants' staff was negligent in failing to follow physician's orders by providing the antibiotics necessary to avoid infection and preventing him from developing a fever, thus increasing the absorption of Fentanyl into his body.  The staff was also negligent in failing to properly chart the course of Mr. Burton's illness.

27.

Once it was discovered that Mr. Burton was wearing two Fentanyl patches, Defendants' staff was negligent in failing to remove both patches to avoid Fentanyl toxicity.

28.

Defendants' staff was negligent in placing blankets around Mr. Burton thus causing elevated temperature and pressure upon the transdermal patches and causing increased release and absorption of Fentanyl into Mr. Burton's body.

29.

The Defendants' staff was negligent in failing to properly monitor Mr. Burton's medical condition and medications so as to provide the timely and appropriate care, treatment and services that he needed.

30.

Defendants' staff was negligent in failing to notify the physician that he had been wearing two Fentanyl patches so that timely and appropriate medical care and treatment could be ordered and rendered.

PERROTTA, CAHN &
PRIETO, P.C.

Main Office
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

Calhoun Office
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

Dallas Office
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

Atlanta Office
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

Dalton Office
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

31.

Defendants' staff was negligent in failing to alert Mr. Burton's physician that he had developed a dangerous fever (104 degrees) and was sweating, and in failing to provide the doctor the necessary information about his overall medical condition and the medications he was taking so that timely and appropriate medical care and treatment could be ordered and rendered.

32.

Defendants' staff was negligent in failing to provide Mr. Burton prompt medical care when his temperature spiked and he was sweating and when his medical condition indicated the need for prompt, appropriate medical care.

33.

Defendants' staff was negligent in failing to provide immediate emergency medical treatment when Mr. Burton went into respiratory arrest, and when he stopped breathing.

34.

Defendants were negligent in failing to properly and adequately hire, retain, train, supervise, monitor and to alert the medical staff about the nature of Mr. Burton's medical conditions, the course of treatment and his prescribed medications so that they could provide the appropriate care and treatment that he needed.

35.

As a direct and proximate result of the Defendant's negligent acts and omissions outlined above, Luke Burton suffered significant injury and illness, tremendous pain and suffering, and he died.

PERROTTA, CANN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

36.

As a result of the foregoing, the Plaintiff herein is entitled to an award of money damages on grounds more fully set out below.

## COUNT I - NEGLIGENCE PER SE BASED UPON VIOLATION OF REQUIREMENTS FOR LONG TERM CARE FACILITIES AT 42 CFR §483.1 et seq.

37.

The Brian Center is a licensed and certified long-term care facility that provides skilled nursing care as a participant in the Medicare program and that provides nursing care as a participant in the Medicaid program; the Brian Center receives funding under the Medicare and Medicaid programs.

38.

The U.S. Department of Health & Human Services has promulgated a number of regulations pursuant to its authority under OBRA at 42 USCA § 1395i-3 related to the care, treatment and services provided to residents of skilled nursing facilities participating in the Medicare program and nursing facilities participating in the Medicaid program. Among those regulations are the following:

a) 42 CFR §483.10 and 15(a) provide that the resident has a right to live a dignified existence,

b) 42 CFR §483.10.(b)(11)(A) requires the facility to alert the physician when an accident involving the resident results in an injury and has the potential for requiring physician intervention,

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1733
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

Page 10 of 31

c) 42 CFR §483.10.(b)(11)(B) requires the facility to consult with the resident's physician when there is a change in the resident's condition constituting life threatening conditions or clinical complications,

d) 42 CFR §483.10.(b)(11)(C) requires the facility to notify the resident's physician when there is a need to alter treatment significantly such as a need to discontinue an existing form of treatment due to adverse consequences,

e) 42 CFR §483.13.(c) requires the facility to implement protocols to protect the resident from neglect,

f) 42 CFR §483.13.(c)(2)-(4) requires the facility to investigate all allegations of neglect, and to report the allegations of neglect and the results of the investigation, to the appropriate state agency within 5 days of findings of neglect. The facility must also take appropriate corrective action upon verification of a violation.

g) 42 CFR §483.15 requires the facility to care for its residents in a manner that maintains and enhances the resident's quality of life,

h) 42 CFR §483.15.(e)(1) requires that each resident be provided services in the facility to accommodate their individual needs,

i) 42 CFR §483.20.(b)(1)(xiv) requires the facility to prepare a comprehensive assessment of the resident's needs with respect to medications,

j) 42 CFR §483.20.(k)(3) requires that services provided or arranged by the facility meet professional standards of quality and be provided by qualified persons,

k) 42 CFR §483.25 requires the facility to provide services to attain and maintain the highest practicable physical, mental and psychosocial well being in accordance with the resident's assessments and Care Plan,

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9099
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

l)  42 CFR §483.25.(m)(2) requires the facility to ensure that residents are free from any significant medication errors,

m)  42 CFR §483.30. requires the facility to maintain an adequate nursing staff,

n)  42 CFR §483.40.(a) requires the facility to ensure that each patient's medical care is supervised by a physician,

o)  42 CFR §483.40. requires the facility to keep the resident's treating physician informed of their medical condition,

p)  42 CFR §483.40.(d) requires the facility to provide or make available emergency medical care to residents at any and all times,

q)  42 CFR §483.75. requires that the facility be administered in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psychosocial well being of each resident,

r)  42 CFR §483.75. requires properly trained, qualified and competent staff.

s)  42 CFR §483.75.(b) requires the facility to operate and provide services in compliance with law and acceptable professional standards and principles that apply to professionals providing said services, and

39.

As a licensed and certified long-term care facility which receives funding under the Medicare and Medicaid programs, the Defendant long term care facility is subject to the above federal regulations for the provision of care, treatment and services to residents of the facility.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

40.

As described in this complaint, the Defendant violated the above regulations of the U.S. Department of Health and Human Services in the following acts and omissions, among others to be demonstrated by the evidence:

a)  Defendants failed to administer the nursing facility in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical. mental and psychosocial well being of Mr. Burton,

b)  Defendants failed to implement protocols to protect Mr. Burton from neglect,

c)  Defendants failed to operate and provide services to Mr. Burton in compliance with law and acceptable professional standards and principles that apply to professionals providing said services,

d)  Defendants failed to provide or arrange services for Mr. Burton that met professional standards of quality,

e)  Defendants failed to maintain an adequate nursing staff to provide for Mr. Burton's needs,

f)  Defendants failed to provide properly trained, qualified and competent staff to care for Mr. Burton,

g)  Defendants failed to protect Mr. Burton from neglect,

h)  Defendants failed to properly train and supervise the nursing staff to provide the appropriate care, treatment and services that Mr. Burton needed,

i)  Defendants failed to follow physician's orders with respect to the treatment provided to Mr. Burton,

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
519 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

j)  Defendants failed to communicate Mr. Burton's medical conditions, change in condition and medication error to his treating physician,

k)  Defendants failed to provide timely and appropriate medical treatment to Mr. Burton when he needed it,

l)  Defendants failed to provide prompt emergency medical treatment to Mr. Burton when he needed it,

m)  Defendants were negligent in all of the acts and omissions described in paragraphs 25-34 above.

41.

The Defendants' acts and omissions constituting violation of the above-referenced federal regulations at 42 CFR §483.1 et seq. constitute negligence per se or negligence as a matter of law pursuant to OCGA §51-1-6.

42.

Defendants' failure to comply with the above federal mandates led directly to the serious injury, illness, pain, suffering and death of Luke Burton.

43.

As a result of the Defendants' negligence per se and the resultant damages and harm, the Plaintiff is entitled to an award of damages in her representative capacity as set out below.

## COUNT II - VIOLATION OF REQUIREMENTS OF THE GEORGIA BILL OF RIGHTS FOR RESIDENTS OF LONG-TERM CARE FACILITIES AT OCGA §31-8-100 et seq.

PERROTTA, CAHN & PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
519 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

44.

The Brian Center is a "long-term care facility" as that term is defined under OCGA §31-8-102(3).

45.

The State of Georgia has promulgated the *Bill of Rights for Residents of Long-term Care Facilities* at OCGA §31-8-100 et seq. which sets out requirements for those providing care, treatment and services to residents of long-term care facilities in this state.   In particular, OCGA § 31-8-108(a) requires that residents of long-term care facilities receive care, treatment and services that are adequate and appropriate and which must be provided with reasonable care and skill and in compliance with all applicable laws and regulations (including those listed in the preceding Count of this complaint), and with respect for the resident's personal dignity, among other requirements.

46.

Pursuant to its authority granted by statute, the Georgia Department of Human Resources has promulgated a number of regulations for the provision of care, treatment and services to residents of long-term care facilities.   In particular, GA ADC 290-5-39-.07 requires that each resident be provided with care, treatment and services which are adequate and appropriate for the condition of the resident as determined by the resident's developing care plan.  The regulation also requires that services be provided with reasonable care and skill and in compliance with all applicable laws and regulations (including the state laws and federal regulations identified above).

PERROTTA, CAHN & PRIETO. P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville. Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

47.

The Defendants violated the provisions of the *Georgia Bill of Rights for Residents of Long Term Care Facilities* and the regulations of the Georgia Department of Human Resources identified above in all of the acts and omissions that are described in this Complaint for Damages.   Among the acts and omissions constituting violation of the *Georgia Bill of Rights for Residents of Long Term Care Facilities* are the following:

a)  Defendants failed to administer the nursing facility in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psychosocial well being of Mr. Burton,

b)  Defendants failed to implement protocols to protect Mr. Burton from neglect,

c)  Defendants failed to operate and provide services to Mr. Burton in compliance with law and acceptable professional standards and principles that apply to professionals providing said services,

d)  Defendants failed to provide or arrange services for Mr. Burton that met professional standards of quality,

e)  Defendants failed to maintain an adequate nursing staff to provide for Mr. Burton's needs,

f)  Defendants failed to provide properly trained, qualified and competent staff to care for Mr. Burton,

g)  Defendants failed to protect Mr. Burton from neglect,

h)  Defendants failed to properly train and supervise the nursing staff to provide the appropriate care, treatment and services that Mr. Burton needed,

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1725
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

i)   Defendants failed to follow physician's orders with respect to the treatment provided to Mr. Burton,

j)   Defendants failed to communicate Mr. Burton's medical conditions, change in condition and medication error to his treating physician,

k)   Defendants failed to provide timely and appropriate medical treatment to Mr. Burton when he needed it,

l)   Defendants failed to provide prompt emergency medical treatment to Mr. Burton when he needed it,

m)   Defendants were negligent in all of the acts and omissions described in paragraphs 25-34 above.

48.

Pursuant to OCGA §31-8-126(a), the Plaintiff has a cause of action for damages against the Defendants as a result of their violations of the rights granted under the *Georgia Bill of Rights for Residents of Long Term Care Facilities* such as those identified under OCGA §31-8-108(a).

49.

Additionally, the Defendants' violations of the *Georgia Bill of Rights for Residents of Long Term Care Facilities* and the regulations of the Georgia Department of Human Resources set out above constitute negligence per se or negligence as a matter of law pursuant to OCGA §51-1-6.

50.

Defendants' failure to comply with the *Georgia Bill of Rights for Residents of Long Term Care Facilities* and the regulations of the Georgia Department of Human Resources

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
519 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

set out above lead directly to the serious injury, illness, terrible pain, suffering, anguish and grief, and death of Luke Burton.

51.

As a result of the Defendants' acts and omissions constituting violation of the *Georgia Bill of Rights for Residents of Long Term Care Facilities* and negligence per se. and the resultant damages and harm, the Plaintiff is entitled to an award of damages in her representative capacity as set out below.

## COUNT III - GENERAL NEGLIGENCE

52.

Luke Burton entered into a contract for the provision of long-term residence, care, treatment and services with the Defendants in this action, and pursuant to their agreement the Defendants had a duty to exercise ordinary care in the provision of care, treatment and services to Mr. Burton. The Defendants failed to exercise reasonable care in a number of instances with respect to the care, treatment and services provided to Mr. Burton, and he sustained serious injury, illness, great pain and suffering and died as a result as demonstrated below.

53.

Defendants failed to administer the nursing facility in such a way as to use its resources effectively and efficiently to maintain the highest practicable physical, mental and psychosocial well being of Mr. Burton.

PERROTTA, CAHN & PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Canersville. Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun. Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta. Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

54.

Defendants failed to implement appropriate policies, protocols and procedures to protect Mr. Burton from neglect and harm.

55.

Defendants failed to provide or arrange services for Mr. Burton that met professional standards of quality.

56.

Defendants failed to maintain an adequate nursing staff to provide for Mr. Burton's needs.

57.

Defendants failed to provide properly trained, qualified and competent staff to care for Mr. Burton.

58.

Defendants failed to properly hire, train and supervise the nursing staff to provide the appropriate care, treatment and services that Mr. Burton needed, and negligently retained staff that provided care and treatment to Mr. Burton.

59.

Defendants' staff was negligent in its failure to follow the physician's medication orders as described above.

60.

Defendants' staff failed to contact Mr. Burton's doctor to alert him of the medication error described herein.

PERROTTA, CAHN & PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

61.

Defendants' staff failed to contact Mr. Burton's doctor to alert him of his changes in condition as described above.

62.

Defendants' staff failed to obtain timely and appropriate medical attention for Mr. Burton for his conditions warranting medical attention as set out above.

63.

Defendants' staff failed to provide immediate emergency medical treatment to Mr. Burton when his medical condition warranted such care as set out above.

64.

Many of the Defendants' acts and omissions described herein are ministerial in nature and constitute simple negligence for which the Defendants are liable to the Plaintiff.

65.

As a direct and proximate result of each one of the above-described negligent acts and omissions, Mr. Burton suffered grave injury and illness, suffered tremendously, and died.

66.

As a result of the foregoing acts and omissions and the resultant injuries, illness, suffering and death of Luke Burton, the Plaintiff is entitled to recover from the Defendants as set out below.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9099
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

## COUNT IV - PROFESSIONAL NEGLIGENCE

### 67.

Luke Burton entered into a contract with the Defendants for the provision of long-term residence, care, treatment and services at the Defendant Brian Center facility, and Defendants failed to provide that care, treatment and service as described herein.

### 68.

Pursuant to the requirements of OCGA §9-11-9.1, the Plaintiff has attached hereto the affidavit of Denise (DeRome) Dzialo who is a Registered Nurse duly licensed to practice nursing by the State of Georgia. Nurse (Derome) Dzialo has prepared an affidavit which sets forth the Defendants' acts and omissions related to the care, treatment and services provided to Luke Burton which proximately caused his severe injury, illness, pain and suffering and death, and which illustrate Defendants' failure to provide the degree of care and skill required of these Defendants in their professions, as set out below. The Plaintiff hereby incorporates by this reference the entire contents of Nurse (DeRome) Dzialo's affidavit and CV.

### 69.

Pursuant to her education, training and experience, Nurse (DeRome) Dzialo is familiar with development and implementation of resident assessments and care plans addressing the residents' needs for medical and nursing care, treatment and services, and this includes proper administration of medications to the patient as required by physician's orders.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1722
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

70.

Also pursuant to her education, training and experience, Nurse (DeRome) Dzialo is familiar with the proper care of patients who have been prescribed Fentanyl patches for the control of moderate to severe pain.

71.

Pursuant to her education, training and experience, Nurse Dzialo is fully familiar with the proper nursing protocols for monitoring, charting and care of patients regarding the administration of the medications ordered by the physician, and the patient's condition and course of care once the patient develops signs and symptoms of fever and respiratory distress.

72.

Pursuant to her education, training and experience, Mrs. Dzialo is fully aware of the circumstances under which a patient is in need of the services of a physician for care, and when the patient is in need of emergency care of patients who have overdosed on Fentanyl and who are showing signs and symptoms of fever and respiratory distress.

73.

Based upon the foregoing, Nurse Dzialo is fully competent to testify about the matters set forth below.

74.

The standard of care for nurses in the long-term care setting requires that the nursing staff follow physician's orders to the letter in administering medications to the patient.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
519 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6074

75.

The standard of care for nurses in the long-term care setting requires that the nursing staff properly monitor the patient's medical condition and medications so as to provide the timely and appropriate care, treatment and services that are needed.

76.

The standard of care for nurses in the long-term care setting requires that the nursing staff immediately notify the physician of medication errors so that the doctor can timely and appropriate order medical care and treatment to be rendered as necessary.

77.

The standard of care for nurses in the long-term care setting requires that the nursing staff report to the physician the patient's medical condition and/or a dangerous change in condition and to provide the doctor the necessary information about the patient's overall medical condition and the medications where the patient's medical condition warrants medical attention.

78.

The standard of care for nurses in the long-term care setting requires that the nursing staff provide the patient prompt medical care when the patient's medical condition, or a dangerous change in condition indicated the need for prompt, appropriate medical care.

79.

The standard of care for nurses in the long-term care setting requires that the nursing staff provide immediate emergency medical treatment when the patient's medical condition or dangerous change in condition require such care and treatment.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

80.

Based upon the foregoing, Defendants' nursing staff breached the applicable standard of care in failing to follow physician's orders when they placed a Fentanyl patch on Mr. Burton without removing the existing Fentanyl patch, thus causing Fentanyl toxicity.

81.

Defendants' nursing staff breached the applicable standard of care in failing to properly chart medication administration, and failing to chart the course of Mr. Burton's medical condition and the course of care.

82.

Once it was discovered that Mr. Burton was wearing two Fentanyl patches, Defendants' nursing staff breached the applicable standard of care in failing to remove both patches to avoid Fentanyl toxicity.

83.

Defendants' nursing staff breached the applicable standard of care in placing blankets around Mr. Burton thus causing elevated temperature and pressure upon the transdermal patches and causing increased release and absorption of Fentanyl into Mr. Burton's body.

84.

Defendants' nursing staff breached the applicable standard of care in failing to properly monitor Mr. Burton's medical condition and medications so as to provide the timely and appropriate care, treatment and services that he needed.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

85.

Defendants' nursing staff breached the applicable standard of care in failing to notify the physician that he had been wearing two Fentanyl patches so that timely and appropriate medical care and treatment could be ordered and rendered.

86.

Defendants' nursing staff breached the applicable standard of care in failing to alert Mr. Burton's physician that he had developed a dangerous temperature (104 degrees) and was sweating, and in failing to provide the doctor the necessary information about his overall medical condition and the medications he was taking so that timely and appropriate medical care and treatment could be ordered and rendered.

87.

Defendants' nursing staff breached the applicable standard of care in failing to provide Mr. Burton prompt medical care when his temperature spiked and he was sweating and when his medical condition indicated the need for prompt, appropriate medical care.

88.

Defendants' nursing staff breached the applicable standard of care in failing to provide immediate emergency medical treatment when Mr. Burton went into respiratory arrest, and when he stopped breathing.

89.

As a direct and proximate result of each one of the Defendants' above described failures to follow the acceptable standards of care, Luke Burton sustained severe injury and illness, tremendous pain and suffering, and death.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

90.

All of the Defendants' acts and omissions described above constitute professional negligence as a result of which the Plaintiff is entitled to recover from the Defendants as set out below.

## COUNT V - BREACH OF CONTRACT

91.

Luke Burton entered into a contract for the provision of rehabilitation. long term nursing care, treatment and services with the Defendants in this action, and pursuant to that agreement the Defendants had a duty to exercise ordinary care in the provision of care. treatment and services to Mr. Burton. The Defendants failed to exercise reasonable care with respect to the care, treatment and services provided to Mr. Burton, and he sustained serious illness, pain and suffering and death as a result.

92.

In the wrongful acts and omissions described in detail above and in the insufficiency of care, treatment and services outlined herein, the Defendants failed to provide the services that they promised to provide pursuant to the contract for services entered between the Defendants and Luke Burton. The Defendants therefore breached the contract for services as set out herein.

93.

As a result of the foregoing, Plaintiff Carly Gunderson in her capacity as Administratrix of Luke Burton's estate is entitled to recover all amounts paid to obtain services under the contract and all consequential damages arising there from.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

## COUNT VI – WRONGFUL DEATH

94.

As set out above, Luke Burton sustained grievous injuries, illness, infection, suffered tremendously and ultimately died as a direct result of the Defendants' acts and omissions in the provision of care, treatment and services to her which constituted violations of federal and state law, professional negligence, simple negligence, and negligence per se.

95.

Mr. Burton is survived by his spouse, Carly Gunderson, the Plaintiff herein.

96.

As a result of the Defendants' violations of federal and state law, professional negligence, simple negligence and negligence per se and Mr. Burton's resultant death as set out in detail above, Ms. Gunderson is entitled to recover damages against the Defendants for Mr. Burton's wrongful death in an amount equal to the full value of the life of the deceased.

## COUNT VII - ESTATE'S TORT CLAIMS

97.

Plaintiff Carly Gunderson is the Administratrix of the Estate of Luke Burton, and she prosecutes these claims in that capacity.

98.

As set out above, Mr. Burton sustained grievous injuries, illness, infection, pain, suffering and death as a direct result of Defendants' acts and omissions which constitute

PERROTTA, CAHN &
PRIETO, P.C.

Main Office
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

Calhoun Office
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

Dallas Office
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

Atlanta Office
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

Dalton Office
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

violations of federal and state law, professional negligence, general negligence and negligence per se.

99.

In her capacity as the Administratrix of Mr. Burton's estate, Plaintiff Carly Gunderson is entitled to recover all damages to which Mr. Burton would have been entitled had he survived. As a result of the Defendants' wrongful conduct, Mr. Burton incurred medical and related expenses for his care, treatment and services prior to his death, and final expenses. Mr. Burton also endured untold pain and suffering as a result of Defendants' negligent acts and omissions prior to his death.

100.

Based on the foregoing, Plaintiff Carly Gunderson, as Administratrix of Luke Burton's estate is entitled to recover from Defendants an award of damages equal to all expenses incurred in the provision of medical care and treatment to Mr. Burton resulting from the Defendants' wrongful conduct and to recover for Mr. Burton's final expenses. The Plaintiff is also entitled to recover damages for Mr. Burton's conscious pain and suffering prior to his death.

## COUNT VIII - IMPUTED LIABILITY

101.

All of Luke Burton's injuries, damages and his death were the direct result of the acts and omissions of the agents, servants and employees of the Defendant business entities conducted within the course and scope of each individual's employment with the Defendant business entity health care providers.

102.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

Page 28 of 31

The Defendant business entities are therefore vicariously liable for the individual employee's and agent's acts and omissions, and for each individual officer, director, employee, agent and servant's negligent acts and omissions, and the resultant injuries, damages and death of Luke Burton by application of the doctrine of respondeat superior. The Plaintiff is therefore entitled to recover damages from the Defendants as set out below.

## COUNT IX - JOINT ENTERPRISE

103.

At the time of the negligent acts and omissions and the Plaintiff's resultant injuries, damages and death described above, the Defendants combined their property and labor in a joint undertaking for the provision of rehabilitation, long-term nursing home care, treatment and services for a fee. Each had rights of mutual control over the rehabilitation services, residence, care, treatment and other services provided to Mr. Burton while he was a resident at the Brian Center.

104.

By virtue of the foregoing, each of the Defendants is liable to the Plaintiff herein for money damages as set out below by application of the joint enterprise theory of recovery.

## COUNT X – PUNITIVE DAMAGES

105.

Prior to the date of the incidents and occurrences set out above in this action, the Defendants were under investigation by the Centers for Medicare Services and the State of Georgia as a result of Defendants' substandard operation of the Brian Center and those

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

complaints and failures include the failure to remove medicine patches from patients, failure to provide proper and prescribed medication to patients and other substandard care to residents in the facility.

106.

This long term pattern of conduct demonstrates Defendants' willful, wanton and reckless pattern of wrongful conduct and complete want of care that demonstrates a conscious disregard for the consequences of their actions with respect to the quality of care of patient residents at the Defendants' facility.

107.

CMS and the State of Georgia have levied significant fines against the Defendants for their substandard operation of the Brian Center and these governmental entities have threatened to permanently ban the Brian Center's, CMS No. 115145, ability to bill Medicare for the care provided to patients at the Brian Center. These governmental actions include care provided to Mr. Burton and other patients in the facility during 2007 through 2009.

108.

As a result of the foregoing, Plaintiff Carly Gunderson is entitled to an award of punitive damages against the Defendants.

WHEREFORE: the Plaintiff prays for the following:

a) That this case be tried before 12 fair and impartial jurors on all issues so triable,

b) That judgment be entered against the Defendants in amounts in excess of $10,000.00 with all costs to be taxed against the Defendants,

c) That the Court grant the Plaintiff all other relief that it deems appropriate.

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1725
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
3964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

This _____ day March, 2012.

Perrotta, Cahn & Prieto, P.C.

Michael A. Prieto, Esq.
Georgia Bar No.: 587236
Robert W. Lamb, Esq.
Georgia Bar No.: 631650

The Bradley Building
5 South Public Square
Cartersville, Georgia 30120
(770) 382-8900

Terry D. Jackson, P.C.

Terry D Jackson
Georgia Bar No.: 386033
Attorneys for the Plaintiffs

600 Edgewood Avenue
Atlanta, Georgia 30312
(404)659-2400

PERROTTA, CAHN &
PRIETO, P.C.

*Main Office*
Historic Bradley Building
5 South Public Square
Cartersville, Georgia 30120
770-382-8900
Toll Free (866) 382-8900
Fax (770) 386-1170

*Calhoun Office*
102 Court Street
Calhoun, Georgia 30701
(706) 629-9699
Fax (706) 629-0869

*Dallas Office*
206 East Memorial Drive
Dallas, Georgia 30132
(770) 445-1723
Fax (770) 445-1942

*Atlanta Office*
Buckhead Centre
2964 Peachtree Road, NW
Suite 450
Atlanta, Georgia 30305
(770) 382-8900
Fax: (770) 386-1170

*Dalton Office*
319 Selvidge Street
Dalton, Georgia 30721
(706) 275-6022
Fax (706) 275-6076

## **DENISE DEROME, R.N.**

COUNTY OF FULTON

STATE OF GEORGIA

Personally appeared before the undersigned officer duly authorized to administer oaths, Denise DeRome, R.N., who after first being duly sworn, states and deposes as follows:

1.

My name is Denise DeRome, I am of legal age, sound mind and am otherwise competent to make this affidavit. The matters stated herein are within my personal knowledge, and based upon documents, and medical records provided to me for my review.

2.

I am a licensed professional nurse, Registered Nurse, in the State of Georgia. I have professional knowledge and experience in the area of nursing in three of the five years preceding January 9, 2009, and all times thereafter. A copy of my curriculum vitae is attached hereto as Exhibit AA.@

3.

I have reviewed the medical records of Luke Burton including

Page 1 of 10

associated hospital records, nursing home records, autopsy report, and the Department of Human Resources (DHR) investigative records relating to his death on January 13, 2009.

4.

For purposes of this Affidavit, I assume the truth of the following assertions of fact, which I understand are to be included in the Complaint and Demand for Jury Trial in the above-referenced action, and which are consistent with my review of the above-identified medical records and other materials provided for my review:

(A)    In 2008, Luke Burton was seriously injured in a motor vehicle collision, and included an anoxic brain injury from his personal injuries in the collision;

(B)   During the next few  months he was provided in hospital care at Kennestone Hospital for his brain injury, and other related injuries and conditions;

(C)    On January 9, 2009 he was transferred to the Brian Nursing Care/Austell nursing home for continued rehabilitation and further treatment;

(D)    The medical records reflect that his medical records were

Page 2 of 10

transferred to the Brian facility, including the fact he had a Duragesic 75mcg Fentanyl patch on his body, and it was scheduled to be replaced on Janaury 10, 2009 per the medical records provided the Brian facility upon transfer;

(E)    The initial nursing assessment and medical examination by Dr. John Ogundipe does not note the placement or location of that Fentanyl patch on January 9, 2009, but does note the placement of a Foley catheter, in the intake physical examination diagrams on January 9, 2009;

(F)    The Duragesic patch placed on the patient by Kennestone Hospital on January 7, 2009 was noted in the records by the Brian facility personnel or Dr. Ogundipe upon admission;

(G)    The DHR investigation states that the Brian Nursing Care licensed facility nurse stated to the investigator that she placed the 75mcg Fentanyl patch on Luke Burton's chest on January 10, 2009, but that she did not specifically recall removing a fentanyl patch that day;

(H)    The records further reflect that on January 12, 2009 Luke Burton's wife, Carly, noted that he was suffering from a high

Page 3 of 10

temperature, sweating profusely, covered with and wrapped in blankets, and on that evening of January 12, 2009 his wife saw another Brian facility female nurse or employee remove the Duragesic patch placed by Kennestone hospital from her husband's arm and shoulder area;

(I)     On the morning of January 13, 2009 Burton had a high temperature of 104, he was in respiratory arrest for over an hour or longer before the Brian facility personnel telephoned EMS personnel to revive him, and at which time the January 10th Duragesic patch was removed from his chest by EMS personnel, before administering Narcan and transporting him to Cobb Hospital for admission;

(J)     Burton died later that day on January 13, 2009, and the autopsy report reflects the cause of death as accidental fentanyl poisoning or toxicity, and a patch area on the upper left arm where the initial fentanyl patch may have been placed was noted in the autopsy report;

and

(K)   The DHR report further reflects that the Brian facility did

not administer Erythromycin as directed on transfer, and that the facility did not follow up on that lack of medication fact when its personnel stated to the investigator that there was no Erythromycin available to them from January 9th to January 13th 2009 before Burton's death.

5.

By virtue of my education, training and experience, I am familiar with the standard of care ordinarily employed by reasonable prudent and skillful nurses, LPNs, and nurse assistants having responsibility for medical care and treatment of patients such as Luke Burton in the same or similar circumstances as those presented with regard to his treatment at the Brian facility between January 9, 2009 and January 13, 2009.

6.

In my opinion, the applicable and required standard of care required:

(A)   Removal of the Duragesic 75mcg patch administered by Kennestone Hospital when the 2nd replacement Duragesic patch was placed over Luke Burton's chest on January 10, 2009, as related by hospital personnel and reflected in the Brian facility's records;

Page 5 of 10

(B)    Recognition that leaving two Duragesic or fentanyl patches on a patient, and then covering or wrapping his body in blankets and heating or compressing the patch sites accelerates the rate of fentanyl absorption by the body, including placing that patch on the patient's chest in close proximity to the heart, and failing to remove the patch on his left shoulder posed a serious risk of death and or accidental overdose;

(C)    The standard of care further required that the facility intake nursing personnel annotate for the medical records in the January 9, 2009 intake examination that the original Duragesic patch was on his left shoulder and telling nurse and Brian Center personnel to remove it when the 2nd patch was due to be applied on January 10, 2009, the following morning, per the transfer medication orders received from Kennestone Hospital;  and

(D)    The nursing personnel should have alerted EMS personnel sooner, on the morning of January 13, 2009, when they noted that Luke Burton was in respiratory

Page 6 of 10

arrest, had a high fever, almost no blood pressure, and a faint pulse.

7.

In my opinion, the Brian facility nurses, LPNs, and nurse assistants breached the applicable standard of care required in treating patients such as Luke Burton, in like circumstances, conditions, and presentation as reflected in his medical records from January 9, 2009 through the date of his death on January 13, 2009, including but not limited to:

(A)   Failing to note in the chart that the Duragesic patch was placed on the upper left arm, and that it had to be removed before the administration of the second Duragesic patch on January 10, 2009, and failing to remove the Duragesic patch on January 10, 2009;

(B)   Failing to note over the next 48 to 72 hours that he was running a temperature, wrapping him in blankets and heating and compressing the sites where the two Duragesic patches were in place;

(C)   Failing to proper monitor the patient and to diagnose that he was running a temperature, he was sweating profusely as related by his spouse, and that he was breathing heavily and showing signs of respiratory distress on the evening of January 12, 2009 and January 13, 2009 prior to

EMS personnel being summoned to the Brian facility; and

(D)    Failing to examine the patient on January 10, 2009, January 11, 2009, and January 12, 2009 to note that he had a Duragesic patch on his upper left arm in addition to the one placed on his chest area, in order to avoid accidental intoxication by these fentanyl patches.

8.

It is my opinion that the conduct of Brian facility nursing personnel assisting Dr. Ogundipe and acting under his directions and orders on January 10-13, 2009  breached the standard of care required and expected of nursing personnel practicing in internal medicine under like and similar circumstances when treating patients such as Luke Burton based on the records provided to me.  All the opinions I have given in this affidavit are made with a reasonable degree of medical certainty.

9.

This Affidavit is given for the limited purposes of identifying at least one negligent act or omission by the nursing personnel treating Luke Burton at the Brian facility, and the factual basis for each such claim, as required by O.C.G.A. ' 9-11-9.1.  As such, this Affidavit does not comprehensively set forth all opinions that I may hold regarding the care and treatment of Luke

Burton. Further, because my opinions set forth in this Affidavit have been

reached without the opportunity to review the sworn testimony of any

witnesses or consider any other evidence that may be developed through the

discovery process in this action, such opinions are expressly preliminary in

nature and I expressly reserve the right to revise, modify and/or expand on

such opinions as may be appropriate in the future.

FURTHER AFFIANT SAITH NOT.

_____

DENISE DEROME, R.N.


Duly sworn and subscribed before me
this _13_ day of January, 2011.

_____
Notary Public
My Commission Expires: _July 23, 2011_

ALLEN REBUCK
/ COMMISSION EXPIRES
JULY 23RD 2011
GWINNETT COUNTY GA
NOTARY PUBLIC


Page 9 of 10

**Denise DeRome R.N.**
**3804 Vineyards Lake Circle**
**Kennesaw, Ga. 30144**
**678-428-7787**

**Objective:** To make a difference in how quality healthcare is delivered by utilizing my Management skills and Nursing expertise.

**Expertise:**
- 30 plus years of Nursing in Acute and Long Term Care
- 30 plus years in Management positions
- 7 yrs. Medical Sales Management
- 2 yrs. Legal Nurse Consulting

**Education:**
Columbus Hospital School of Nursing – Chicago, Ill.
DePaul University & the University of South Florida
DON LTC Administration Certification
LNC – Kaplan University

**Experience:**

**Administrative Nursing Supervisor**                     3/06        to present
Wellstar Cobb Hospital
Responsible for Staffing, Bed Placement, Customer Service issues
for a 400 bed facility.

**Director of Clinical Services**                          4/05-2/06
Select Specialty Hospital
Responsible for a 30 bed LTAC ventilator unit

**Director of Nursing**                                    1998-2005
Cypress Healthcare
Woodstock Nursing and Rehabilitation Center
Responsible for a 170 bed LTC facility

**Director of Nursing**                                    1996-1998
Ross Memorial Healthcare Center
Responsible for a 100 bed facility

**Administrative Nursing Supervisor**                      1994-1996
I.H.S, now Cypress Healthcare
Shoreham Nursing and Rehabilitation Center
Responsible for a 200 bed LTC facility

**EXHIBIT A**

## IN THE STATE COURT OF DEKALB COUNTY
### STATE OF GEORGIA

Carly Burton Gunderson, )
Individually and as Administratrix )
of the Estate of Luke Burton, )
deceased, )
              )
        Plaintiff, )
              ) CIVIL ACTION FILE #
v. )
              ) 12A 41449 - 3
Brian Center Nursing Care/Austell, )
Inc., and SSC Austell Operating )
Company, LLC, d/b/a Brian Center )
Nursing Care, Austell n/k/a )
Anderson Mill Health & )
Rehabilitation Center and John )
or Jane Does (1-3), )
              )
        Defendants. )

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANTS

NOW COMES Carly Burton Gunderson as Administratrix of the Estate of Luke

Burton, deceased, Plaintiff in the above-styled civil action, and pursuant to the provisions of

O.C.G.A. § 9-11-33 serves upon Defendants the following Interrogatories, and requires the

Defendants to answer said Interrogatories separately and fully, in writing and within forty-five

(45) days after service of said Interrogatories upon the Defendants as provided by law.

## INSTRUCTIONS

These interrogatories are continuing and if at any time after Defendants have

initially responded to these interrogatories, new or additional information responsive to any

of these interrogatories comes to the attention of or into the actual and/or constructive

possession of Defendants within the scope of OCGA § 9-11-26, then Defendants are

required, accordingly, to furnish such new or additional information to Plaintiff and to file and serve upon counsel for Plaintiff supplemental responses to these interrogatories.

(A)    When used in these interrogatories, the terms "Defendant," "Defendants," "you," "your," or any synonym thereof, are intended to and shall embrace and include each of the Defendants designated in the complaint unless otherwise specified.  In addition, these terms are meant specifically to incorporate and encompass agents, servants, employees, representatives, private investigators, attorneys and others who are in possession of or may have obtained information for or on behalf of Defendants, individually and collectively.

(B)    The terms "identification," "identify" or "identity," when used in reference to a natural person, shall mean to state the full name, the present or last known home and business addresses, home and business telephone numbers, their employer and job title and present whereabouts for each such person.

(C)    The terms "identification," "identify," or "identity" when used in reference to a corporation or other entity or person, shall mean to state the full legal name, state of incorporation or organization, address of the home office, the principal place of business and registered agent for service of process.

(D)    The terms "identification," "identify," or "identity," when used in reference to a document or file shall mean its author, the manner and date or time period in which it originated, was developed or kept, its original location, its present location, and all persons who have been custodian of the document or file.  Such identification should be made with a significant level of particularity to enable you to respond to a request to produce same.

(E)    The words "related to" or "relating to" shall include pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting,

establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, concerned with, commencing on, responding to, disagreeing with, showing, describing, analyzing, representing, constituting, or including.

(F)     The words "document" or "documents" are used in their broad and liberal sense and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings, calendar an diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specifications, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, cancelled checks, invoices, bills, receipts, opinions, certificates, and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy, or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer stored information, whether or not in printer form and all rough drafts and revised drafts (including all handwritten notes or other marks on same), and all other drafts and copies of documents as hereinbefore defined by whatever means made.  If multiple copies of a document exist, each copy which is being identified, produced, or identified as a privileged document shall also be produced or so identified.  Also to be identified or

produced are all documents clipped, stapled, or otherwise attached to all described or requested documents.

(G)     The words "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus or boards.

(H)     A "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether orally or face-to-face or by telephone, mail, personal delivery, documents, and otherwise.

(I)     The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these interrogatories any information which might otherwise be construed to be outside their scope.

(J)     "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every" and "every" includes the words "each."

(K)     The word "Plaintiffs" refers to and shall be construed to mean the Plaintiffs named in the style of the case unless so stated in the interrogatory. The word "Resident" refers to and shall be construed to mean Luke Burton unless so stated in the interrogatory.

(L)     The term "charting error" shall refer to anything in the medical record of Luke Burton that is inaccurate, untrue, false, incorrect, erroneous, misleading, deceptive or any information known to Defendants that should be contained in the chart of Luke Burton that is not contained therein.

(M)     Should Defendants claim as privileged any document for which identification is requested by any of the following interrogatories, Defendants shall list each

such document in such a manner to allow for its identification in the event of a motion to compel and, additionally, Defendants shall indicate the ground on which the claim of privilege, the date, author and title of each document, the portion of the document to which the claim of privilege extends and the identity of all persons, corporations or other entities to whom the document has been shown, in order that the Court can determine whether such document is, in fact, privileged.

(N)   If you cannot answer any of the following interrogatories in full after exercising due diligence to secure the information to do so, so state and answer to the extent possible, specifying your inability to answer the remainder, and stating what information or knowledge you have concerning the unanswered portions.

## INTERROGATORIES

1.

Please provide the following information regarding the ownership of the nursing facility identified in Plaintiff's complaint for damages during the period from January 1, 2009 until the present.

    a) The name and last known address, telephone numbers and email addresses of each individual and entity with any ownership interest in the nursing facility in question whether the ownership interest is direct, indirect, whole, partial, contingent or otherwise,

    b) The name, address, county, and phone number of the registered agent for service of process for each business entity identified in section "a" above,

    c) The dates that each person and entity owned such interest,

d) The exact nature of each ownership interest of each person and entity identified in your responses above.

2.

Please identify each business entity which (in whole or in part) operated and/or was responsible for the operation of the nursing facility that is identified in the complaint for damages at any time from January 1, 2008 until the present. For each entity that you have identified, please provide the following:

a) The name, last known physical and website address of each entity,

b) The dates that each entity operated the facility,

c) Describe the roles of each entity in the operation of the subject facility.

d) Please provide the full name, address and telephone number of the registered agents for service of process for each corporate entity.

3.

Please provide the name, address, telephone number, web address and registered agent for service of process for the Medicare licensee(s) with respect to payment of Medicare benefits for the care and treatment of residents in the long-term care facility identified in the Complaint for Damages.

4.

Please state the exact nature of the business relationship between each and every one of the Defendant entities in this action and each of the entities that you identified in response to interrogatory numbers 1-3 above.

5.

If at any time there has been any indemnity agreement, or any agreement between any or all Defendants and/or entities identified in response to interrogatory numbers 1-3 above, which is designed to limit the liability of any of them arising from operation of the facility identified in the complaint for damages, please provide the following:

a)  The exact nature and language of each such agreement,

b)  The date upon which each such agreement was entered by each Defendant and/or entity,

c)  Please identify each and every document which defines, sets out, memorializes, or is in any way related to any such agreement.

6.

Please identify by name and business address each and every person and/or entity with an ownership interest in any land, building, motor vehicle, fixture, furniture, equipment and all other assets and materials used in the operation of the nursing facility identified in the complaint for damages at any and all times from January 1, 2008 until the present.   Describe the nature of the ownership interest of each person and entity.

7.

Are any or all of the Defendant businesses or any other persons or entities entitled to share profits generated as a result of the operation of the facility identified in the complaint for damages?  If so, please provide the following:

a)  Identify each Defendant, and each person and entity entitled to share profits from operation of the facility identified in the complaint for damages.

b) Provide the exact language and describe the exact nature of the agreement pursuant to which each Defendant corporate entity, person and/or other entity is entitled to share in the profits,

c) Identify each and every document which defines, sets out, specifies, explains, describes and/or which is in any way related to the agreement pursuant to which profits are divided between each Defendant, person and/or entity.

8.

Please provide the names, last known home and business address, telephone number, title and dates of employment of each and every officer, director, manager and supervisor of each of the Defendant corporations/business entities for the period from January 1, 2008 until the present.   Specifically identify all board members that the Defendants share in common.  Provide the same information for each business entity that you identified in response to interrogatories number 1 through 7 above.

9.

Identify by name, last known home and business address, telephone number, employment title, and current employer of each administrator, medical director, director of nursing and assistant director of nursing at Defendants' facility during the time of Luke Burton's residence, and provide the dates of each person's service in that capacity.

10.

For each person who provided medical care, treatment and/or health care services of any type to Luke Burton at the facility identified in the complaint for damages, please state the following:

a) Their name, last known address, telephone number and all email addresses,

b) The name, address and telephone phone number of their current or last known employer,

c) Their title and duties when they provided care, treatment and/or services to Luke Burton at Defendant facility,

d) Their dates of employment at each employment identified in your response to this interrogatory,

e) Describe their involvement in the care and treatment of Luke Burton.

11.

Please provide the name, address, telephone number, email address and employment title of each person who placed a Phentanyl patch on Luke Burton during his residence at the Defendant facility.  For each person who you identify, please state date and time the patch was placed, and describe whether a Phentanyl patch was removed at or about the same time.

12.

Please provide the name, address, telephone number, email address and employment title of each person who was present each time a Phentanyl patch was placed on Luke Burton during his residence at the Defendant facility.  For each person who you identify, please state date and time the patch was placed, and describe whether a Phentanyl patch was removed at or about the same time.

13.

Please identify each person who played any supervisory role over persons employed and/or otherwise providing nursing and/or medical care, treatment and services to Luke

Burton at the facility identified in the complaint for damages during her period of residence. For each such person, please provide the following:

    a) Name and last known address, phone number and all email addresses,

    b) Name, address and telephone number of current or last known employer,

    c) Title and duties when Luke Burton was a resident at the Defendant facility,

    d) Relative employment rank in relation to all others listed in this response,

    e) Inclusive dates of employment of each person listed in your response to this interrogatory.

14.

State the name, last known address, telephone number and employer of any person, including any party who to your knowledge, information or belief was an eyewitness to any of the facts or circumstances complained of in the complaint, and describe the general subject matter of that knowledge, and provide the same information with regard to each person who has some knowledge of any fact or circumstance complained of in the complaint, and describe the general subject matter of that knowledge.

15.

Pursuant to the provisions of O.C.G.A. § 9-11-26(b)(4)(A)(i), defendant is requested to identify each person whom defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

16.

If you have retained or employed an expert in anticipation of litigation or preparation for trial who is not expected to be called as a witness at trial, please provide the name and address of each such expert.

17.

Identify each and every insurance policy, contract or agreement pursuant to which any insurer is or may be liable to cover all or any portion of any judgment against any or all of the Defendants in this lawsuit. For each such policy, provide the name and address of the insurer and the insurance agent through whom the policy was obtained, the policy number, the claim number associated with this lawsuit, the total limits of liability coverage, and state whether any insurer has notified any Defendant that it has reserved any alleged right to deny coverage.

18.

If as a result of the language of any applicable policy of insurance, the limits of liability coverage are diminished as a result of the payment of claims, or the payment of costs related to the defense of this legal action, or if the limits of liability coverage have changed or are diminished for any reason, please state so, and provide the following information:

a) Please state the present, total dollar amount of liability insurance coverage available for payment of any judgment obtained against the Defendants in the present action,

b)  If the amount of available liability coverage has diminished, please state the exact amount of the diminution, the date of the diminution, and the reason for the diminution.

c)  Please update your response to this interrogatory seasonably upon changes in the available policy limits.

### 19.

Identify by name, address and phone number each and every doctor and/or physician that assessed, treated, or otherwise cared for Luke Burton during the time of residence at Defendants' facility, and identify each specific sickness, condition and/or ailment for which said physician treated Luke Burton and state the date and time of said treatment.

### 20.

Identify and describe with specificity each and every complaint whether written or verbal received by Defendants which in any way concerns or relates to Defendants' failure to adequately care for, treat, monitor and/or supervise Luke Burton during the time of residence at Defendants' facility.

### 21.

Please identify each and every book, manual, handbook, handout, document and all other writings which in whole or part contain Defendant's protocols, policies, practices and/or procedures used by Defendant's staff during the time of Plaintiff's residence at Defendant's facility.  For each item identified, please provide the following:

a)  The title and general subject matter of each writing,

b)  The author(s) of each writing,

c)  Identify the period during which each writing was used by Defendants, stating the first and last dates upon which each writing was used.

22.

Please identify each and every book, textbook, manual, handout, videotape, audio tape, and all other documents, writings and items used by Defendants to train facility staff before and during the period of Plaintiff's residence at Defendant's facility.  For each item identified, please provide the following:

a)  The title(s) and general subject matter of each item identified,

b)  The author or creator of each item identified,

c)  Identify the period during which each item was used by Defendants, stating the first and last dates upon which each item was used.

23.

Identify each and every lawsuit filed within the last five years by style and the court in which the lawsuit was filed against any of Defendants that in any way concerns and/or alleges the care, treatment, neglect and/or abuse of residents.

24.

State each and every fact that Defendants contend supports each and every affirmative defense asserted in its answer to Plaintiffs' complaint.

25.

Identify by name, address, employer and job title each and every individual that responded or aided in responding to these interrogatories.

26.

Identify each and every "charting error" known by these Defendants to be contained in the facility's nursing home record of Luke Burton.

27.

State and describe with specificity each and every change or modification made to the medical records of Luke Burton during her residence and/or after she left Defendants' facility.  For each such change or modification, identify the name, address, employer and job title of the individual or individuals that made said change or modification, the date it was made and the reason it was made.

28.

For each document that has existed at any time and which is responsive to the Plaintiff's request for production of documents, but has been lost, destroyed, or is no longer available for any reason, please provide the following information:

a)  Describe the document in detail,

b)  Identify the last person known to possess the document and the last known location of the document and the last date that it was available,

c)  State the exact reason that the document is no longer available,

Michael A. Prieto
Georgia Bar No.:  587236
Robert W. Lamb
Georgia Bar No.: 631650
Attorneys for the Plaintiff

Perrotta, Cahn & Prieto, P.C.
5 South Public Square
Cartersville, GA 30120
(770) 382-8900
www.perrottalaw.com

Terry D. Jackson, P.C.

Terry D Jackson
Georgia Bar No.: 386033
Attorneys for the Plaintiffs

600 Edgewood Avenue
Atlanta, Georgia 30312
(404)659-2400

## IN THE STATE COURT OF DEKALB COUNTY
## STATE OF GEORGIA

Carly Burton Gunderson,       )
Individually and as Administratrix  )
of the Estate of Luke Burton,     )
deceased,                       )
                             )
      Plaintiff,          )
                             )  CIVIL ACTION FILE #
v.                           )
                             )
Brian Center Nursing Care/Austell,  )  _12A41449-3_
Inc., and SSC Austell Operating   )
Company, LLC, d/b/a Brian Center  )
Nursing Care, Austell n/k/a     )
Anderson Mill Health &         )
Rehabilitation Center and John   )
or Jane Does (1-3),          )
                             )
      Defendants.       )

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANTS

NOW COMES Carly Burton Gunderson, the Plaintiff in the above captioned case and for her first Request for Production to Defendants requests the following:

Pursuant to OCGA Section 9-11-34, Plaintiff hereby requests that each of the Defendants respond to the following requests for production, separately and completely, in writing and produce responsive documents in accordance therewith, within forty-five (45) days from the date of service thereof.

## INSTRUCTIONS

(A)    Defendants should make production responsive to these requests within the time allotted by OCGA Section 9-11-34 at the office of Perrotta, Cahn & Prieto, PC, 5 South Public Square, Cartersville, Georgia 30120.

(B)     These Requests for Production of Documents are continuing and if at any time after Defendants have produced the requested documents or otherwise responded hereto, further documents or other evidence identified and responsive to these Requests come into their actual or constructive possession and control, then Defendants are requested to respond by producing said documents at the aforesaid location within ten (10) days of acquiring same but in no event later than ten (10) days prior to the date of trial.

(C)     The words "document" or "documents" are used in their broad and liberal sense and shall mean the original (or, if the original is not available, the best copy available) of any and all information in tangible or other form and shall include, without limiting the generality of the foregoing, all letters, correspondence, contracts, agreements, memoranda, mechanical and electronic recordings, calendar and diary entries, notes or memoranda of conversations, telephonic or otherwise, and of meetings or conferences, studies, reports, recommendations, quotations, offers, inquiries, bulletins, summaries, newsletters, compilations, specifications, maps, charts, blueprints, diagrams, graphs, photographs, pictures, film, videotapes, microfilm, propositions, articles, announcements, newspaper clippings, books, books of account, ledgers, vouchers, canceled checks, invoices, bills, receipts, opinions, certificates, and writings of any kind, and all other tangible things upon which any handwriting, typing, printing, drawings, representation, photostatic or other copy, or other graphic matter, magnetic or electrical impulses, or other form of communication is recorded or produced, including audio and video recordings and computer-stored information, whether or not in printout form, and all rough drafts and revised drafts (including all handwritten notes or their marks on same), and all other drafts and copies of documents as hereinbefore defined by whatever means made.  If multiple

copies of a document exist, each copy which is in any way not completely identical to a copy which is being identified, produced, or identified as a privileged document shall also be produced and so identified.  Also to be identified or produced are all documents clipped, stapled, or otherwise attached to all described or requested documents.

(D)    "All" includes the word "any," and "any" includes the word "all."  "Each" includes the word "every" and "every" includes the word "each."

(E)    The terms "nursing facilities," "Defendant," "Defendants," "you," "your" or any synonym thereof, are intended to and shall embrace and include each of the Defendants in this action as identified in Plaintiff's Complaint for Damages unless otherwise specified.  In addition, these terms are meant specifically to incorporate and encompass agents, servants, employees, representatives, private investigators, attorneys and others who are in possession of or may have obtained information for or on behalf of Defendants, individually and collectively.  The term "Defendant nursing facility" refer to the nursing facility which is the subject of the complaint for damages.

(F)    A "communication" shall mean every manner or means of disclosure, transfer, or exchange of information whether oral, face-to-face, by telephone, mail, personal delivery, documents, electronic communications or otherwise between two or more persons or entities.

(G)    If any document or tangible thing requested was at any time, but is not now, in your possession or custody or subject to your control, please state what disposition was made of such document or tangible thing and when such disposition occurred.  If you decline to produce any document requested hereinafter on the basis of any privilege known in the law, then, at the time of production designated herein, as to each such document or

tangible thing please provide the following written information pertaining to such document:

      (1)    Its date or if not dated, the date it was prepared or received;

      (2)    The type of document (e.g., letter, memorandum, telegram, chart, photograph, reproduction, email);

      (3)    The author and the addressee; including the names of all persons receiving a copy;

      (4)    Its present location;

      (5)    The identity of the individual or person presently custodian or custodians thereof;

      (6)    The number of pages thereof;

      (7)    The identity of each person who received a copy of such document and the relationship of such person to any Defendant or Defendants;

      (8)    Whether such document contains or relates to facts or opinions, or both; and

      (9)    The nature of privilege or other grounds for refusing production (e.g., work product,) of such document and the factual and/or legal authority relied upon to support that claim.

      (H)    The words "related to" or "relating to" shall include pertaining to, concerning, respecting, referring to, summarizing, digesting, embodying, reflecting, establishing, tending to establish, derogating from, tending not to establish, evidencing, comprising, connected with, commenting on, responding to, disagreeing with, showing, describing, analyzing, representing, constitution, or including.

(I)     The words "person" or "persons" mean all natural persons ("individual" or "individuals") and entities including without limitation: corporations, companies, partnerships, limited partnerships, joint ventures, trusts, estates, associations, public agencies, departments, bureaus, or boards.

(J)     The words "and" as well as "or" shall be construed either conjunctively or disjunctively as necessary to bring within the scope of these Requests for Production any information which might otherwise be construed to be outside their scope.

(K)     "All" includes the word "any," and "any" includes the word "all." "Each" includes the word "every" and "every" includes the word "each."

(L)     The word "Plaintiff" refers to and shall be construed to mean the Plaintiff named in the style of the case unless so stated in the request. The word "Resident" refers to and shall be construed to mean Luke Burton unless so stated in the request.

(M)     Should Defendants claim as privileged any document requested by any of the following requests, Defendants shall list each such document in such a manner to allow for its identification in the event of a motion to compel and, additionally, Defendant shall indicate in addition to the information requested in subsection (G) above the grounds on which the claim of privilege, the date, author and title of each document, the portion of the document to which the claim of privilege extends and the identity of all persons, corporations or other entities to whom the document has been shown, in order that the Court can determine whether such document is, in fact, privileged.

(N)     If there is any document responsive to these requests which for any reason, and at any time has been altered or revised in any way, Defendant is directed to provide each and every version of each altered or revised document.

## REQUESTS FOR PRODUCTION

1.

Please produce the Articles of Incorporation and bylaws for each corporate Defendant and each of the corporate entities that you identified in response to interrogatories 1 and 2.

2.

Please provide each and every document related to the formation of each of the Defendant corporations and each of the corporations you identified in response to interrogatories 1 and 2.

3.

Please provide each and every document which defines, specifies, sets out, describes, and/or lists the duties of each Defendant, and each of the entities that you identified in response to interrogatories number 1 and 2 with respect to the operation of the Defendant nursing facility.

4.

Please provide each and every document which defines, specifies, sets out, describes, and/or lists the business relationship between each Defendant and each of the entities that you identified in response to interrogatories 1 and 2.

5.

Please provide all documents related to the dissolution of any Defendant corporate entity and each corporate entity that you identified in response to interrogatories 1 and 2 at any time.

6.

Please provide all documents related to the purchase and/or sale of each Defendant entity and each entity that you identified in response to interrogatories 1 and 2.

7.

Please provide each and every document related to each transfer of any ownership interest in any and all of the Defendant business entities and each business entity that you identified in response to interrogatories 1 and 2 between January 1, 2008 and the present.

8.

Please provide all deeds, contracts, real estate transaction documents, leases, and all other documents related to ownership and/or use of real property related to operation of the Defendant nursing facility.

9.

Please provide all documents related in any way to ownership and/or use of any and all buildings, motor vehicles, equipment, fixtures, furniture, and all other assets related to operation of the Defendant nursing facility.

10.

Please provide all documents which contain all or any part of each agreement pursuant to which each Defendant and all other persons and entities are entitled to share in profits arising from the operation of the Defendant nursing facility at any and all times from January 1, 2008 until the present.

11.

Please provide all documents which contain all or any part of each agreement pursuant to which each Defendant and all other persons and entities are responsible for

payment of expenses in the operation of the Defendant nursing facility at any and all times from January 1, 2008 until the present.

12.

Please provide all documents which contain all or any part of each agreement pursuant to which each Defendant and all other persons and entities are responsible for provision of vehicles, fixtures, furniture, equipment, supplies and/or materials necessary for the operation of the Defendant nursing facility at any and all times from January 1, 2008 until the present.

13.

Please provide all documents which contain all or any part of each agreement pursuant to which each Defendant and all other persons and entities are responsible for provision, construction, additions, maintenance, repairs and/or upkeep of buildings necessary for the operation of the Defendant nursing facility at any and all times from January 1, 2008 until the present.

14.

Please provide each and every document which contains, defines, describes, specifies and/or explains any agreement between any or all business entities designed to limit any or all of the Defendant's liability(ies) arising from operation of the Defendant nursing facility.

15.

Produce any and all photographs, charts, graphs, drawings, videotapes or other graphic depictions of Luke Burton, and all other such items related in any way to the subject of the Complaint for Damages.

16.

For each policy of insurance identified by each Defendant in their responses to Plaintiff's interrogatories, please provide a complete copy of the policy of insurance along with all applications for insurance, binders, amendments, endorsements, declarations pages and all related correspondence. Please provide all invoices, statements, correspondence, releases, accounting documents, and all other documents related to diminishing liability coverage as identified in your repose to interrogatory number 16.

17.

Produce any and all statements of witnesses that in any way concern the care and treatment of Luke Burton at the Defendant nursing facility and/or any of the matters raised in Plaintiff's Complaint for Damages.

18.

Produce any and all documents of every type that Defendants or their attorneys have provided to any of Luke Burton's physicians or other health care providers related to the subject of the complaint for damages.

19.

Produce any and all documents of every type that Defendants or their attorneys have provided to any third party to this action related to the subject of the complaint for damages.

20.

Produce any and all documents generated or created by any expert consulted by Defendants in connection with this lawsuit.

21.

Produce each document and item of every type that Defendants or their attorneys have provided to any and all expert(s) consulted by Defendant in connection with this lawsuit.

22.

Produce any and all operations manuals, employee manuals, handbooks, handouts, and all documents that contain, specify, list, describe, discuss, in any way relate to or concern the following:

a) Defendant's protocols, policies, practices and/or procedures with respect to staffing the Defendant nursing facility during the last five years.

b) Defendant's protocols, policies, practices and/or procedures with respect to the routine operation of the Defendant nursing facility during the last five years.

c) Defendants' protocols, policies, practices and/or procedures with respect to the care, treatment and services provided to residents of the Defendant nursing facility during the last five years.

d) Defendants' protocols, policies, practices and/or procedures with respect to nursing care provided to residents of the Defendant nursing facility during the last five years.

e) Defendants' protocols, policies, practices and/or procedures with respect to the qualifications for employment positions for each person providing care, medication assistance and personal services to residents in the Defendant long-term care facility,

f) Defendants' protocols, policies, practices and/or procedures with respect to the training of each person providing care, medication assistance and personal services to residents of the Defendant long-term care facility.

23.

Produce any and all documents including training manuals, textbooks, videotapes, audio-tapes and any other documents and things that in any way relate to or concern the training of personnel at the Defendant nursing facility during the past five years.

24.

Please provide all documents which contain employment descriptions for each person providing care and treatment to residents in the Defendant long-term care facility.

25.

Produce any and all daily and/or weekly resident census records for the Defendant nursing facility during the time of Luke Burton's residence.

26.

Produce any and all employee time cards for the Defendant nursing facility for each day of Luke Burton's residence.

27.

Produce each and every staffing assignment sheet for the Defendant nursing facility for each day of Luke Burton's residence.

28.

Produce each and every employee work schedule produced for the agents, servants and/or employees of the Defendant nursing facility for every day of Luke Burton's residence.

29.

Produce any and all documents related in any way to complaints made by Defendants' agents, servants and/or employees concerning staffing levels for the Defendant nursing facility during the last five years.

30.

Produce all personnel files of each and every agent and/or employee of the Defendant nursing facility who provided care, treatment or services of any type to Luke Burton.

31.

Produce any and all incident and/or accident reports created by Defendants which in any way relate to or concern Luke Burton.

32.

Produce each and every investigative report created by Defendants which in any way concerns, relates or pertains to any incident in which Luke Burton was injured or harmed while a resident in the Defendant nursing facility.

33.

Produce each and every document produced and/or provided by Defendants to each state and federal agency that in any way concerns, relates or pertains to any incident in which Luke Burton was injured, harmed, abused and/or neglected in Defendant facility.

34.

Please produce all documents contained in quality control/quality assurance files which contain information that is in any way related to care, treatment and/or services provided to Luke Burton.

35.

Please produce each and every document related to these Defendant's communications with any and all third parties about any and all of the occurrences and circumstances outlined in the complaint.

36.

Produce a COLOR copy of each and every record and document that is related to care, treatment and services provided to Luke Burton at the Defendant facility.

37.

Produce a COLOR copy of all records and documents related to the care, treatment and services provided to Luke Burton which were created by any healthcare provider other than Defendants.

38.

Produce any and all business records, including but not limited to admissions forms and contracts, Medicare and Medicaid forms, Social Security Administration and SSI forms, financial records, powers of attorney, healthcare powers of attorney, probate documents, advanced directives, and all other business documents that in any way concern or relate to Luke Burton.

39.

Produce COLOR copies of each and every MDS, care plan and Resident Assessment Protocol document, and all updates, modifications and/or changes thereto prepared by Defendants and/or their agents, servants and/or employees for Luke Burton while a resident at the Defendant nursing facility.

40.

Produce COLOR copies of each and every nursing assessment performed on Luke Burton while a resident in the Defendant nursing facility.

41.

Produce COLOR copies of each and every medication administration record of Luke Burton created during her residence in each Defendant nursing facility.

42.

Produce COLOR copies of each and every doctor or physician order which in any way concerns, relates or pertains to the prevention of, treatment of, or therapy for Luke Burton while a resident in Defendant's facility.

43.

Produce each and every document including correspondence, notes, memos, medical records, nurse's notes, orders or any other documentation of any kind that in any way evidences communications between Defendants and any of Luke Burton's physicians concerning her medical condition.

44.

Produce each and every document including correspondence, notes, memos, medical records, nurse's notes, orders or any other documentation of any kind that evidences communications between Defendants and their agents, servants, and/or employees concerning Luke Burton's medical condition.

45.

Produce each and every document including correspondence, notes, memos, medical records, nurse's notes or any other documentation of any kind that in any way

evidences communications between Defendants and Luke Burton's sponsor or any other family members, and/or the Georgia DEFACS concerning Luke Burton's medical condition, care or treatment.

46.

Please produce each and every document related to these Defendant's communications with Luke Burton about any and all of the occurrences and circumstances outlined in the complaint.

47.

Produce each document related to surveys by each state and federal agency of the Defendant nursing facility for the past ten (10) years.

48.

Produce each document related to deficiencies found by each state and federal agency of the Defendant nursing facility during the past ten (10) years.

49.

Produce each document that relates to sanctions, fines, assessments or other punitive actions taken by each state and federal agency against the Defendant nursing facility during the past ten (10) years.

50.

Produce each incident and/or accident report that in any way concerns, relates or pertains to injury to any resident of the Defendant nursing facility during the past five years.

51.

Produce each incident report that in any way relates to or concerns the neglect and/or abuse of residents at the Defendant nursing facility during the past five years.

52.

Produce each document which in any way evidences complaints regarding the neglect and/or abuse of residents at the Defendant nursing facility during the past five years.

53.

Produce each document which in any way evidences employee complaints regarding neglect and/or abuse of residents at the Defendant facility during the past five years.

54.

Produce each investigative report generated by Defendants concerning the neglect and/or abuse of residents at the Defendant nursing facility during the past five years.

55.

Please produce each and every document related in any way to harm, abuse, neglect, injury, illness, accidents and/or incidents involving residents at Defendants facility which are similar in nature to those described in Plaintiff's Complaint for Damages.

56.

Produce each and every weekly, monthly, and/or yearly cost report created by each Defendant and/or their agents, servants, and employees relating to and/or concerning the Defendant nursing facility for the past five years.

57.

Produce any and all advertising and/or marketing materials used by Defendants to promote, market, and/or advertise the Defendant nursing facility during 2008.

Michael A. Prieto
Georgia Bar No.: 587236
Robert W. Lamb
Georgia Bar No.: 631650
Attorneys for the Plaintiff

Perrotta, Cahn & Prieto, P.C.
5 South Public Square
Cartersville, GA 30120
(770) 382-8900
www.perrottalaw.com

Terry D. Jackson, P.C.

Terry D Jackson
Georgia Bar No.: 386033
Attorneys for the Plaintiffs

600 Edgewood Avenue
Atlanta, Georgia 30312
(404)659-2400